**Alfred DARRAGJATI, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 05–0533–ag.

United States Court of Appeals, Second Circuit.

Nov. 15, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

Roberto Tschudin Lucheme, Glaston-
bury, CT, for Petitioner.

Roslynn R. Mauskopf, United States At-
torney, Eastern District of New York, Va-
runi Nelson, Catherine M. Mirabile, Assis-
tant United States Attorneys, Brooklyn,
NY, for Respondent.

PRESENT: Hon. WALKER, Hon.
CHESTER J. STRAUB and Hon.
ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Alfred Darragjati, a native and citizen of
Albania, seeks review of a January 10,
2005, order of the BIA affirming the deci-
sion of Immigration Judge ("IJ") Leonard
I. Shapiro denying Darragjati's "motion to
reopen/reconsider" removal proceedings.
*In re Alfred Darragjati,* No. A73 636 658
(B.I.A. Jan. 10, 2005), *aff'g* No. A73 636
658 (Immig. Ct. Hartford, May 18, 1999).
We assume the parties' familiarity with the
underlying facts and procedural history of
the case.

Where, as here, the BIA adopts the
decision of the IJ and supplements that
decision, we review the decision of the IJ
as supplemented by the BIA. *See Yan
Chen v. Gonzales,* 417 F.3d 268, 271 (2d
Cir.2005). We review the denial of a mo-
tion to reopen or reconsider for abuse of
discretion. *See Kaur v. B.I.A.,* 413 F.3d
232, 233 (2d Cir.2005) (per curiam); *Jin
Ming Liu v. Gonzales,* 439 F.3d 109, 111
(2d Cir.2006). The BIA may exceed its
allowable discretion where its decision
"provides no rational explanation, inexpli-
cably departs from established policies, is
devoid of any reasoning, or contains only

summary or conclusory statements; that is
to say, where the Board has acted in an
arbitrary or capricious manner." *Kaur,*
413 F.3d at 233–34 (quoting *Ke Zhen Zhao
v. U.S. Dep't. of Justice,* 265 F.3d 83, 93
(2d Cir.2001)).

■ We conclude that the agency did
not abuse its discretion in denying Dar-
ragjati's motion to reopen. The regula-
tions provide that a motion to reopen must
"state the new facts that will be proven at
a hearing." 8 C.F.R. § 1003.23(b)(3).
The regulations further provide that a mo-
tion to reopen may not be granted unless
the adjudicator "is satisfied that evidence
sought to be offered is material and was
not available and could not have been dis-
covered or presented at the former hear-
ing." *Id.* Here, the BIA properly found
that Darragjati failed to show that the
evidence he submitted in support of his
motion was unavailable at the time of his
hearing before the IJ. Indeed, as the
BIA indicated, the asylum application of
Darragjati's sister, the Asylum Approval
Letter indicating she had been granted
asylum, and the memorandum about the
political climate in Albania were all dated
prior to Darragjati's merits hearing on
December 8, 1998. While Darragjati as-
serts that his counsel had no knowledge
that his sister had been granted asylum,
he does not indicate why that information
was not available or could not have been
discovered before his merits hearing. Be-
cause Darragjati has not shown compli-
ance with 8 C.F.R. § 1003.23(b)(3), he has
failed to show that the agency exceeded
its allowable discretion in denying his mo-
tion to reopen. *See Kaur,* 413 F.3d at
234.

■ To the extent that Darragjati's mo-
tion was construed as a motion to reconsid-

er, it was also properly denied. A motion to reconsider must "specify[ ] the errors of fact or law in the Immigration Judge's prior decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.23(b)(2); *see also In re Cerna*, 20 I. & N. Dec. 399, 402 n. 2 (BIA 1991). Here, the IJ properly denied Darragjati's motion to reconsider, finding that he "failed to state any additional legal argument, change of law, or an aspect of the case which was overlooked at the time of the decision." Moreover, Darragjati's assertion that his sister's asylum grant was overlooked by the IJ misrepresents the record, as Darragjati did not present that information to the IJ until after the IJ issued the decision denying the asylum application. Accordingly, the agency did not exceed its allowable discretion in denying Darragjati's motion. *Kaur*, 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.